284 N.J. Super. 373 (1995)
665 A.2d 412
STATE OF NEW JERSEY, PLAINTIFF,
v.
DARWIN ANTHONY EPPS, DEFENDANT.
Superior Court of New Jersey, Law Division Hunterdon County.
Decided June 29, 1995.
*374 John P. McDonald, for defendant (McDonald, Rogers & Rizzolo, attorneys).
*375 Sharon B. Ransavage, Hunterdon County Prosecutor, for plaintiff (Timothy G. Boney, Assistant Prosecutor, of counsel and on the brief).
BERNHARD, J.S.C.
This motion to dismiss defendant's indictment arises out of an allegedly unbalanced presentation by the Assistant Prosecutor to the grand jury in a sexual molestation case involving a child victim. In light of the recent decision set forth by the Appellate Division in State v. Hogan, 281 N.J. Super. 285, 657 A.2d 462 (App.Div. 1995), this court holds that when a child victim first denies that a defendant molested him, but later alleges that the abuse did in fact take place, the initial denials may not be withheld from the grand jury. Both the exculpatory as well as the incriminating statements must be presented.
By way of factual background, defendant was enrolled as a volunteer in the Big Brothers/Big Sisters Association at some point prior to 1991. In June of that year, he was "matched" with the victim, T.S. Defendant and T.S. started seeing each other under the auspices of this organization, and the two got along quite well. T.S., his mother, and defendant were all pleased with the match. Defendant and T.S. engaged in many activities together, namely, swimming, fishing, camping, and occasionally, T.S. would sleep over at defendant's home.
During the course of the relationship between defendant and T.S., at various times defendant would disappear and not contact T.S. for long periods of time, which upset both T.S. and his mother. The relationship became rocky, and eventually, in August, 1993, the "match" was terminated by the organization in conjunction with complaints by T.S.'s mother.
On March 20, 1994, T.S.'s father, who had never lived with T.S. and his mother until about the same time the "match" with defendant was terminated, asked T.S. whether defendant had molested him. T.S. admitted that he had been anally penetrated by defendant on a number of occasions while he was sleeping over *376 defendant's house. After this information was disclosed to T.S.'s mother, she contacted the Division of Youth and Family Services, which in turn contacted the Hunterdon County Prosecutor's Office. An investigation followed, criminal complaints for aggravated sexual assault, sexual assault, and endangering the welfare of a child were filed, and indictments returned. This motion followed.
It is well-settled that a court may not exercise its discretion to dismiss an indictment except on the clearest and plainest ground, and that the indictment must stand unless it is "palpably defective." State v. Weleck, 10 N.J. 355, 364, 91 A.2d 751 (1952); State v. Ferrante, 111 N.J. Super. 299, 304, 268 A.2d 301 (App.Div. 1970). The validity of an indictment is determined by giving every reasonable inference to the State, and the evidence that is presented need not be sufficient to convict the defendant, but must only present a prima facie case. State v. New Jersey Trade Waste Ass'n, 96 N.J. 8, 27, 472 A.2d 1050 (1984).
Defendant argues that the Assistant Prosecutor's presentation to the grand jury failed to present evidence in her possession which was exculpatory in nature. He argues that the Assistant Prosecutor presented only bits and pieces of the investigation of defendant and that it was unfair, unbalanced and misleading.
It is clear that a prosecutor has the obligation to present clearly exculpatory evidence to a grand jury. State v. Smith, 269 N.J. Super. 86, 97, 634 A.2d 576 (App.Div. 1993). Smith requires that any information in the State's possession that "clearly negates a defendant's guilt" be turned over to the grand jury. Id. at 92, 634 A.2d 576. The court states,
[T]he courts ... agree that the prosecutor need not introduce evidence which might suggest that it is less likely that the defendant committed the crime, but would not directly negate his guilt. The prosecutor's disclosure obligation is limited to evidence which, if believed, would establish in itself that he had not committed the crime  such as a confession by another to the crime or evidence that "the accused was nowhere near the scene of the crime when it occurred."
[Id. at 97 [634 A.2d 576] (citing 2 LaFave & Israel, Criminal Procedure § 15.4(d) (1991)).]
*377 Reports of the victim's statements to Big Brothers/Big Sisters case worker Mrs. Kathleen Mary McDonald that defendant had not molested him were not brought in front of the grand jury. Statements made by the victim to his mother in which he failed to allege sexual situations were likewise not presented. Defendant alleges that these statements, if believed, directly negated guilt and should have been presented to the grand jury. This court agrees that certain statements should have been presented to the grand jury and, failing their presentation, the indictment must be dismissed.
Previously, Mrs. McDonald had been called to the Prosecutor's Office to give a statement to Detective Jensen. In Detective Jensen's report, she wrote, "Mrs. McDonald further indicates that at some time in March, 1993 she had spoken with [T.S.] and asked him whether he had ever been touched by Tony to which [T.S.] had said he was not. When asked why she did this, Mrs. McDonald stated that she made this a regular habit when speaking with any of the little brothers or sisters, just to ensure that everything was fine in the matches."
The victim also made statements to his mother, which were recorded in Big Brothers/Big Sisters' case worker J.E. Robinson's notes. The notes recorded, "She carefully questions [T.S.] each time he returns from Tony's (Defendant Epps)  what time he went to bed, where he undressed, any `funny' feelings. [T.S.] always has `normal answers'." These notes were not read to the grand jury. Further, the jurors were not informed that the victim's mother had repeatedly and regularly asked him whether anything sexually unusual was going on with defendant, and the victim consistently gave answers which did not incriminate defendant. This information, which was included in the investigation report of Detective Jensen, was never presented to the grand jury.
The only witness presented to the grand jury was Detective Jensen, and she read from her report on various occasions. All of the information that she relayed to the grand jury resulted from her investigation, her recollection and her report of the investigation. *378 The statements made by the victim were also noted in the detective's report, but she failed to present that evidence to the grand jury.
The most recent case on this subject is State v. Hogan, supra, in which the victim informed the police that she had been robbed in her home, and identified the alleged robber by name and by photograph. The grand jury returned an indictment.
Two months before the trial was scheduled to commence, the victim recanted her previous statement, claiming that Hogan was not in fact the robber. The victim then met again with the prosecutor and claimed she recanted because of fear of retribution by the defendant's family. The prosecutor presented the case again to the grand jury, summarizing the original statement inculpating the defendant, and making no mention of either the recantation or the later statement that the recantation was coerced. The defendant was again indicted.
Defendant argued that the indictment should have been dismissed on the basis that the prosecutor failed to present exculpatory evidence to the grand jury. The Appellate Division agreed, stating, "We consider a victim's recantation of an original accusation to be the type of evidence, which if believed, would establish in itself that [the defendant] had not committed the crime." Hogan, supra, 281 N.J. Super. at 296, 657 A.2d 462.
In Hogan, the Assistant Prosecutor argued in the trial court that it was in her discretion to present the evidence to the grand jury. Because she personally did not believe the recantation, and believed it was coerced, and therefore not credible, she argued she did not have to present the evidence to the grand jury. Id. at 296, 657 A.2d 462. The court stated:
The prosecutor contends that her duty to disclose only arises if the statement is exculpatory and if the prosecutor believes it to be truthful. This cannot possibly be the determinative basis for the decision whether to disclose evidence to the grand jury. The standard for prosecutorial conduct may not rest on a prosecutor's belief. The decision whether to indict is solely entrusted to the grand jury, which must decide "whether a prima facie case has been made out."

*379 [Ibid. (citing Trap Rock Industries v. Kohl, 59 N.J. 471, 487, 284 A.2d 161 (1971), cert. denied, 405 U.S. 1065, 92 S.Ct. 1500, 31 L.Ed.2d 796 (1972)).]
The court added that "this is particularly so where the victim's accusation is the only evidence of the crime." Hogan, supra, 281 N.J. Super. at 296, 657 A.2d 462.
Here, the evidence of statements made by the victim that defendant did not touch or molest him is exculpatory evidence of the nature contemplated by the Hogan court. If the grand jury had believed the victim's statements to Mrs. McDonald, this evidence would have directly negated defendant's guilt.
The statement recorded in Big Brothers/Big Sisters' case worker J.E. Robinson's notes regarding T.S.'s mother's repeated inquiries about sexual situations and T.S.'s "normal" answers does not, if believed, clearly negate defendant's guilt. The fact that this statement was not presented to the grand jury, in and of itself, does not warrant the dismissal of the indictment. Although it is indeed somewhat exculpatory, it merely indicates that it may be less likely that defendant committed the crime. It is not a statement of the type contemplated by the Hogan court.
On the other hand, the statement to Mrs. McDonald, if believed, clearly negates defendant's guilt. The State's failure to present it to the grand jury necessitates the dismissal of the indictment.
The State argues that the situation in Hogan is distinguishable from the case at bar, since in Hogan, the victim had recanted her previous incriminating statements, whereas here the victim had first exculpated defendant and later incriminated him. This court finds no material difference between an initial denial followed by a later incrimination, as was present in this case, and an initial incrimination followed by a later recantation, as in Hogan.
The events which transpired in this case are likely all too common. When a victim, especially a child, is initially questioned by family members or police about sexual abuse at the hands of a suspect, he or she likely initially denies the allegations of abuse, often due to embarrassment or fear of retribution. After a while, *380 however, the victim inculpates the suspect, and the investigation begins in earnest. What occurs is essentially a recantation of a prior exculpatory statement  the chronological reverse of the factual situation in Hogan. In at least some of the cases, the prior denials will be untrue and later, the victim will eventually reveal the abuse. However, the determination of the truthfulness of the initial denials is neither for the prosecutor nor the court to make. Only the grand jury has the right to make the conclusion as to which of the inconsistent statements are true.
Hogan requires both exculpatory and inculpatory statements to be presented to the grand jury, and so must this court. Defendant had the right to have the grand jurors hear both the incriminating and the exculpatory evidence, rather than have certain information withheld by the Assistant Prosecutor. When a child denies having been molested by a defendant, and later claims such molestation, both the denial and the incriminating statements must be presented to the grand jury in order for the grand jury properly to carry out its investigative function with the level of fairness to which defendant is entitled. The grand jury "was deprived of its right to investigate and its ultimate task of determining whether the State did in fact present a prima facie case." Hogan, supra, 281 N.J. Super. at 299, 657 A.2d 462.
Motion to dismiss the indictment granted.